**VIP ENGINEERING AND MARKETING, LTD.,**
Plaintiff,

v.

**STANDARD CHARTERED BANK, Defendant.**

**No. 13 CV 4754(VM).**

United States District Court,
S.D. New York.

Signed Feb. 11, 2015.

---

Joel M. Miller, Kerrin Teneyck Klein, S. Christopher Provenzano, Miller & Wrubel, P.C., New York, NY, for Plaintiff.

James Peter Duffy, IV, K&L Gates LLP, Richard Francis Hans, Jr., DLA Piper US LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff VIP Engineering and Marketing Limited ("VIP") filed this action in New York State Supreme Court, alleging that defendant Standard Chartered Bank ("Standard Chartered") had fraudulently and falsely claimed VIP's interest in a Tanzanian company, Independent Power Tanzania Limited ("IPTL"). Standard Chartered removed the suit to this Court (Dkt. No. 1) and moved to compel arbitration and to stay or dismiss this action (Dkt. No. 2). Upon review of the complaint and other papers filed in the action, the Court dismissed this case on forum non conveniens grounds by order dated September 10, 2013 (the "September 10 Order"). (Dkt. No. 9.)

The September 10 Order directed Standard Chartered to file a statement confirming, among other things, its consent to jurisdiction in the Republic of Tanzania ("Tanzania") and its agreement "to comply with any final judgment rendered by the courts of the Republic of Tanzania with competent jurisdiction over the parties and the subject matter of this dispute." (Id. 5.) Standard Chartered informed the Court by letter dated September 20, 2013 that it would not file such a statement. (Dkt. No. 10.) The Court subsequently issued an Order dated September 23, 2013 (the "September 23 Order"), which deemed Standard Chartered's previous representations that it considered Tanzania to be an adequate alternative forum as "consent to

the adjudication of this action in Tanzania, and to comply with any final judgment rendered by any court of competent jurisdiction there in connection with the parties' underlying dispute." (Dkt. No. 12 at 2.)

In a September 27, 2013 letter to the Court, Standard Chartered opined that the September 23 Order "raises a serious jurisdictional issue" (Dkt. No. 15 at 1) and faulted the Court for "resolv[ing] the hotly disputed issue" of whether Standard Chartered had consented to jurisdiction in Tanzania (*id.* at 2). Standard Chartered further explained that it was concerned with how VIP was misrepresenting the September 23 Order in related arbitration proceedings between the parties. (*Id.* at 3.) On September 30, 2013, VIP filed a responsive letter that disputed Standard Chartered's claims. (Dkt. No. 16.) By Order dated October 4, 2013 (the "October 4 Order"), the Court held that the September 10 Order raised no jurisdictional issues, and that Standard Chartered was estopped from asserting inconsistent positions in this action. (Dkt. No. 17.)

On October 20, 2013, Standard Chartered appealed the Orders of September 10, September 23, and October 4. (Dkt. No. 19.) The United States Court of Appeals for the Second Circuit then issued a Mandate affirming the judgment of this Court on January 9, 2015. (Dkt. No. 26.)

On January 21, 2015, Standard Chartered submitted a letter to the Court, requesting a pre-motion conference in anticipation of filing a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 29, 30.) In its letter, Standard Chartered asserts that "[r]ecent events in ... Tanzania speak to a growing scandal involving allegations of bribes paid by VIP to judges in Tanzania." (Dkt. No. 29 at 1.) Standard Chartered

seeks clarification or amendment of the Court's ... [September 10 Order] to

expressly ensure that [Standard Chartered] retains the right to later challenge enforcement of any order tended by fraud or corruption. Specifically, [Standard Chartered] asks that [it] not [be] deprived ... of its right, under N.Y. C.P.L.R. § 5304, to challenge the enforcement of any order rendered in Tanzania on the grounds of corruption and fraud.

(*Id.*)

On February 3, 2015, the Court held a telephone conference, with counsel for both parties present. (Dkt. Minute Entry dated 2/3/2015.) At the conference, the Court denied Standard Chartered's request for a pre-motion conference as unnecessary. The Court also noted that the modifications Standard Chartered intended to seek to the September 10 Order were needless, as the September 10 Order did not explicitly or implicitly deprive either party from invoking, in a future proceeding arising from this action, any right it may have under any applicable law and available legal theories to challenge a foreign judgment rendered in this matter.

### ORDER

Accordingly, it is hereby

**ORDERED** that the request of defendant Standard Chartered Bank ("Standard Chartered") for a pre-motion conference (Dkt. No. 29, 30) is **DENIED;** and it is further

**ORDERED** that the Court's Order dated September 10, 2014 (Dkt. No. 9) shall not be read to abrogate any right either party may have under applicable law and legal theories to challenge a final judgment rendered by foreign courts in connection with this matter.

**SO ORDERED.**